IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **VIKTORYA REZNIK,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**INCONTACT, INC. dba NICE INCONTACT,**<br><br>        **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No. 1:20-cv-00104-JCB**<br><br><br>**Magistrate Judge Jared C. Bennett** |

     All parties in this case have consented to Magistrate Judge Jared C. Bennett conducting all proceedings, including entry of final judgment.[1] 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Defendant inContact, Inc. dba Nice inContact's ("inContact") motion to dismiss under Fed. R. Civ. P. 12(b)(6).[2] The court held oral argument on inContact's motion on November 17, 2020,[3] at which Philip C. Patterson represented Plaintiff Viktorya Reznik ("Ms. Reznik"), and M. Christopher Moon represented inContact. The court has carefully considered the parties' written submissions and arguments from the hearing. Now being fully advised, the court renders the instant Memorandum Decision and Order. Based upon the analysis set forth below, inContact's motion to dismiss is granted, and this action is dismissed with prejudice.

---

[1] ECF No. 12.

[2] ECF No. 6.

[3] ECF No. 17.

## BACKGROUND[4]

inContact is a Utah-based corporation that provides cloud-based services and programs to companies using call centers within their operations.[5] Ms. Reznik was employed by inContact as Director of Project Management from January 2018 to May 2019.[6]

In April 2019, Ms. Reznik received internal complaints by phone and email from two inContact employees (collectively, "Complainants").[7] The Complainants are "native Filipinos" who work for inContact's Philippines office.[8] The Complainants told Ms. Reznik that another inContact employee had repeatedly subjected them and other native Filipino employees to racial slurs.[9] The Complainants informed Ms. Reznik that those slurs "had increased in vitriol and frequency to the point that the harassment was interfering with their workplace performance and with their emotion and physical well-being."[10]

After receiving the complaints, Ms. Reznik reported them to her direct supervisor.[11] Ms. Reznik's supervisor expressed "shock and dismay" and indicated that "no one should be treated

---

[4] In reciting the background for inContact's motion to dismiss, the court assumes all the well-pleaded factual allegations in Ms. Reznik's complaint are true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] ECF No. 2 at ¶¶ 2-3.

[6] *Id.* at ¶ 5.

[7] *Id.* at ¶¶ 11, 13.

[8] *Id.* at ¶ 11.

[9] *Id.* at ¶ 13.

[10] *Id.* at ¶ 14.

[11] *Id.* at ¶ 18.

in that manner."[12] In May 2019, Ms. Reznik reported the complaints to two inContact human resources employees, who likewise expressed "shock and dismay."[13] One of the human resources employees assured Ms. Reznik that no inContact employee would face workplace reprisal because of the complaints.[14]

During a May 23, 2019 meeting among Ms. Reznik, her direct supervisor, and one of the human resources employees, Ms. Reznik's supervisor terminated Ms. Reznik's employment and explained that Ms. Reznik was "not a good culture fit."[15] Ms. Reznik's supervisor did not elaborate any further during the meeting, and the human resources employee likewise did not elaborate except to also state that Ms. Reznik "was not a good fit."[16]

Ms. Reznik timely filed a charge of Title VII discrimination against inContact with the Equal Employment Opportunity Commission ("EEOC") and the Utah Anti-Discrimination and Labor Division.[17] Ms. Reznik later filed an amended charge of discrimination.[18] In both charges of discrimination, Ms. Reznik asserted that her involuntary separation from employment was an act of retaliation against her by inContact based upon her report of and opposition to workplace

---

[12] *Id*. at ¶ 19.

[13] *Id*. at ¶¶ 20-21.

[14] *Id*. at ¶ 22.

[15] *Id*. at ¶ 25.

[16] *Id*. at ¶ 26.

[17] *Id*. at ¶ 8.

[18] *Id*.

3

racial and ethnic discrimination.[19]  On May 11, 2020, Ms. Reznik received a Notice of Right to Sue from the EEOC.[20]

Ms. Reznik then timely filed this action under Title VII.[21]  Ms. Reznik's sole cause of action is brought under Title VII for retaliation for engaging in protected activity.[22]  In response to Ms. Reznik's complaint, inContact filed the motion to dismiss before the court.[23]

## LEGAL STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A court should "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir. 1991).  Thus, "the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis omitted).

---

[19] *Id*. at ¶ 9.

[20] *Id*. at ¶ 10.

[21] *Id*.

[22] *Id*. at ¶¶ 28-32.

[23] ECF No. 6.

## ANALYSIS

Ms. Reznik fails to state a claim of retaliation under Title VII. To state a viable retaliation claim, Ms. Reznik must allege sufficient facts, taken as true, that plausibly show: "'(1) that [she] engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action.'" *Laul v. Los Alamos Nat'l Labs.*, 765 F. App'x 434, 441 (10th Cir. 2019) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012)), *cert. denied*, 140 S. Ct. 514 (2019); *see also Holdaway v. Provo River Water Users Ass'n*, No. 2:19-CV-00467-JCB, 2020 WL 3037236, at *3 (D. Utah June 4, 2020). To satisfy the first element, Ms. Reznik, must have "a reasonable, good-faith belief that the underlying conduct that she opposed violated Title VII." *Oliver v. Peter Kiewit & Sons/Guernsey Stone*, 106 F. App'x 672, 675 (10th Cir. 2004); *see also Holdaway*, 2020 WL 3037236, at *3. Such a belief has both a subjective component and an objective component. *Holdaway*, 2020 WL 3037236, at *3 (providing that a plaintiff asserting a Title VII retaliation claim must not only subjectively believe that she reported conduct violating Title VII, but her "belief must be objectively reasonable"). Indeed, "the [c]ourt . . . must evaluate '[t]he objective reasonableness of an employee's belief that her employer has engaged in an unlawful employment practice . . . against existing substantive law.'" *Zimpfer v. Aramark Mgmt. Servs., LP*, 795 F. Supp. 2d 1249, 1253 (D. Utah 2011) (third and fourth alterations in original) (quoting *Clover v. Total Sys. Serv., Inc.*, 176 F.3d 1346, 1352 n.2 (11th Cir. 1999)); *see also Holdaway*, 2020 WL 3037236, at *3.

Ms. Reznik's claim of retaliation is not objectively reasonable because Title VII does not allow for claims against foreign employees who are employed overseas. "Filing a complaint against an employer is protected by [Title VII] only if the complaint is about an employment practice made unlawful under Title VII." *Davis v. James*, 597 F. App'x 983, 987 (10th Cir. 2015); *see also, e.g.*, *Scheidler v. Indiana*, 914 F.3d 535, 542-43 (7th Cir. 2019) ("'The plaintiff must not only have a subjective (sincere, good faith) belief that he opposed an unlawful practice; his belief must also be objectively reasonable, which means that the complaint must involve discrimination that is prohibited by Title VII.'" (quoting *Hamner v. St. Vincent Hosp. and Health Care Ctr.*, 224 F.3d 701, 707 (7th Cir. 2000), *overruled on other grounds by Hively v. Ivy Tech Cmty. Coll. Ind.*, 853 F.3d 339 (7th Cir. 2017)). Ms. Reznik concedes, as she must, that as a matter of law, Title VII does not cover foreign employers who work in foreign countries. 42 U.S.C. § 2000e-1(a) ("This subchapter shall not apply to an employer with respect to the employment of aliens outside any State . . . ."); *see also Equal Emp. Opportunity Comm'n v. Arabian Am. Oil Co.*, 499 U.S. 244, 248-59 (1991); *Russell v. Midwest-Werner & Pfleiderer, Inc.*, 955 F. Supp. 114, 115 (D. Kan. 1997) ("[T]he general rule is that with respect to foreign employment Title VII applies only to American citizens employed abroad by American companies or their foreign subsidiaries."). Accordingly, and as she has admitted, the conduct she opposed is not actionable under Title VII. Therefore, her belief that she was opposing conduct that violated Title VII could not have been objectively reasonable under existing substantive law. Accordingly, the facts alleged in Ms. Reznik's complaint, taken as true, do not state a plausible claim for retaliation under Title VII and, consequently, the court grants inContact's motion and dismisses this action.

## CONCLUSION AND ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that inContact's motion to dismiss[24] is GRANTED, and this action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED December 21, 2020.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[24] ECF No. 6.